**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4597**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TODD LEE GLENN,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Deborah K. Chasanow, Senior District Judge. (1:18-cr-00125-DKC-1)

Submitted: November 22, 2019               Decided: December 5, 2019

Before KING, WYNN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Baltimore, Maryland, Paresh S. Patel, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant. Robert K. Hur, United States Attorney, Judson Mihok, Assistant United States Attorney, Christine Duey, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Todd Lee Glenn appeals from his conviction for failure to register as a sex offender. He entered into a conditional guilty plea, reserving the right to challenge the district court's denial of his motion to dismiss the indictment, which he now does on appeal. We affirm.

Glenn contends that the Sexual Offender Registration and Notification Act, 34 U.S.C.A. § 20913(d) (West 2018 & Supp. 2019) (SORNA), violates the non-delegation doctrine by assigning a core legislative function to the Attorney General. However, he notes that the Supreme Court's decision in *Gundy v. United States*, 139 S. Ct. 2116 (2019), bars his claim. Nonetheless, he seeks to preserve his claim.

SORNA imposes a federal registration obligation on convicted sex offenders. 34 U.S.C.A. § 20913. SORNA, enacted in July 2006, did not contain an express retroactivity provision applicable to offenders, such as Glenn, convicted of a sex offense prior to SORNA's enactment date. Rather, the statute delegated to the Attorney General discretionary authority to make SORNA's requirements retroactive to sex offenders convicted before its enactment. 18 U.S.C.A. 20913(d). Under this delegated authority, the Attorney General issued a rule specifying that SORNA's registration requirements apply in full to pre-enactment offenders. 75 Fed. Reg. 81850.

Glenn contends that the district court erred in rejecting his argument that Congress violated the constitutional non-delegation doctrine by impermissibly delegating legislative functions to the Attorney General—specifically, the discretion to determine the retroactive applicability of SORNA's registration requirements to pre-enactment sex offenders. We review de novo the district court's denial of a motion to dismiss an indictment that is

2

predicated entirely on issues of law. *United States v. Hatcher*, 560 F.3d 222, 224 (4th Cir. 2009). Properly preserved constitutional claims also are reviewed de novo. *United States v. Hall*, 551 F.3d 257, 266 (4th Cir. 2009).

The plurality opinion ruled in *Gundy* that § 20913(d) does not violate the non-delegation doctrine. 129 S. Ct. at 2121 (noting that the "delegation easily passes constitutional muster"). Justice Alito wrote a short opinion, concurring in the judgment and noting that the Court's precedent compelled the result. *Id.* at 2131. The Court's decision in *Gundy* is binding and determinative. "It is well established . . . that when a decision of the Court lacks a majority opinion, the opinion of the Justices concurring in the judgment on the 'narrowest grounds' is to be regarded as the Court's holding." *A.T. Massey Coal Co. v. Massanari*, 305 F.3d 226, 236 (4th Cir. 2002). Here, the narrowest common ground that five Justices stood upon in *Gundy* is that the SORNA delegation did not violate long-standing delegation doctrine analysis.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

3